IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOMO BARNETT, | : | CIVIL ACTION NO. **1:13-CV-1617** |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| LAUREL HARRY, *et al.*, | : | |
| | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

## I.      **BACKGROUND.**

On June 10, 2013,[1] Petitioner Jomo Barnett,[2] an inmate at SCI-Camp Hill, filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  (Doc. 1).  Petitioner attached

Exhibits to his habeas petition. Petitioner also filed a Motion to proceed *in forma pauperis*.

(Doc. 4).  On July 18, 2013, Petitioner paid the filing fee. (Doc. 6). On July 19, 2013, we issued

---

[1]Since the habeas petition was signed by Petitioner on June 10, 2013 (Doc. 1, p.29),
under the prison mailbox rule, we construe the petition as being filed on that date. *See Bond v.
Visionquest*, 410 Fed. Appx. 510 ( 3d Cir. 2011); *Truxal v. District Attorney of Westmoreland
County*, 2010 WL 411766, *6, n. 3 (E.D. Pa. 1-28-10).  In *Burns v. Morton*, 134 F. 3d 109, 113
(3d Cir. 1998), the Third Circuit held that "a *pro se* prisoner's habeas petition is deemed filed at
the moment he delivers it to prison officials for mailing to the district court."  This mailbox rule
applies to all petitions filed by *pro se* inmates in federal court.  *See Brewington v. Klopotoski*,
2010 WL 2710526, *3, n. 3 (E.D. Pa. 2-23-10). Petitioner's habeas petition was docketed on
June 17, 2013.  (Doc. 1).

[2]We note that Jomo Barnett  filed, *pro se*, a previous  civil rights action, pursuant to
42 U.S.C. § 1983, in April 2011, when he was an inmate at the State Correctional Institution at
Camp Hill, Camp Hill, Pennsylvania.  See Civil No. 11-0906, M.D.Pa. Barnett did not challenge
any conditions related to his confinement at SCI-Camp Hill.  Rather, his constitutional claims
occurred on April 28, 2008, when he was out of prison on state parole and living in West
Manchester Township, York County, Pennsylvania.  On July 14, 2011, the Court dismissed
Barnett's claims in his §1983 civil rights case.

a Show Cause Order and directed service of the habeas petition on Respondents. (Doc. 7). Respondents were directed to respond to the habeas petition within twenty (20) days of the date of our Order, *i.e.*, by August 8, 2013.

On August 9, 2013, Respondents filed a Motion to file, *nunc pro tunc*, a Motion to Dismiss the habeas petition as untimely. (Doc. 8). Respondents also simultaneously filed their Motion to Dismiss the habeas petition as untimely filed under the AEDPA. (Doc. 9).

On August 12, 2013, we granted Respondents' Motion to file, *nunc pro tunc*, a Motion to Dismiss the habeas petition as untimely since their Motion to Dismiss was only one day late and since we found no prejudice to Petitioner. (Doc. 10). We also directed Respondents to file a brief in support of their Motion to Dismiss the habeas petition as untimely within fifteen days of the date of our Order together with all relevant state court records supporting Respondents' contention that Petitioner's habeas petition was not timely filed under the AEDPA. We afforded Petitioner fifteen days after he was served with Respondents' brief to file an opposition brief. We stated that Respondents would not be required to respond to the merits of Petitioner 's claims raised in his habeas petition until the Court decided if the habeas petition was timely filed. Further, we denied as moot Petitioner's Motion to proceed *in forma pauperis* since he paid the filing fee.

On August 23, 2013, Petitioner filed a Reply to Respondents' Motion to Dismiss. (Doc. 11).

On August 27, 2013, Respondents filed their brief in support of their Motion to Dismiss the habeas petition as untimely with relevant state court records attached as Exhibits,

2

including, Petitioner's York County Court of Common Pleas Criminal Docket Number CP-67-CR-1198-2009. (Doc. 12). We note that the York County Court's Docket Sheet in Petitioner's case can also be accessed at http://ujsportal.pacourts.us.

On August 29, 2013, Petitioner filed an opposition brief to Respondents' Motion to Dismiss. (Doc. 13).

On September 23, 2013, Petitioner filed a 6-paragraph document entitled "Amendment Reconsideration" with an attachment, namely, a copy of a PA Supreme Court Docket Sheet indicating that on June 13, 2012, Petitioner 's Petition for Writ of Mandamus was denied by the State Supreme Court. (Doc. 14). Petitioner 's Petition for Writ of Mandamus filed February 24, 2012, was attached to his habeas petition as an Exhibit. (Doc. 1, pp. 39-40). It appears that in his Petition for Writ of Mandamus, Petitioner requested the PA Supreme Court to order the York Court of Common Pleas to grant his Motion to Correct and Modify the record with respect to the trial court's hearing on his PCRA Petition. The PA Supreme Court Docket Sheet also indicated that Petitioner's reconsideration time expired and his case was closed on July 19, 2012. (Doc. 14, p. 3).

In his so-called "Amendment Reconsideration," Petitioner requests that this federal Court consider his Exhibit attached to his Doc. 14 filing a part of his argument against Respondents' Motion to Dismiss. Petitioner states that his Exhibit shows that he did not discover the factual basis of his habeas claims until "June 19, 2012," when his reconsideration time expired and his case was closed and, that he timely filed his habeas petition on June 17,

2013, within his one-year statute of limitations.[3]  We will consider Petitioner's "Amendment

Reconsideration" and his Exhibit attached thereto.  We note that Respondents' Exhibits also

show that Petitioner 's Petition for Writ of Mandamus was denied by the PA Supreme Court on

June 13, 2012.  (Doc. 12, pp. 67, 73 & 75).

      Respondents' Motion to Dismiss Petitioner's  habeas petition as untimely is now ripe

for review.  **(Doc. 9).**

## II.       STATE PROCEDURAL BACKGROUND.

      In his habeas petition, Petitioner challenges his August 13, 2009 convictions (after a

jury trial) and September 28, 2009 judgment of sentence of eight years to sixteen years in a

state correctional institution  imposed by the Court of Common Pleas of York County,

Pennsylvania, for possession with intent to deliver cocaine and criminal conspiracy to possess

with intent to deliver cocaine.

      Subsequently, Petitioner timely filed a direct appeal of his judgment of sentence with

the Superior Court of Pennsylvania on October 5, 2009.  (Doc. 12, p. 24).

      On December 15, 2010, the Superior Court of Pennsylvania affirmed Petitioner's

judgment of sentence. (Doc. 12, pp. 47, 51-62). Petitioner did not file a Petition for Allowance

of Appeal with the Pennsylvania Supreme Court.   We agree with Respondents that since

Petitioner did not file a Petition for Allowance of Appeal with the  Pennsylvania Supreme Court

with respect to the Superior Court's December 15, 2010, decision affirming Petitioner's

---

[3]The correct date of when Petitioner's state court reconsideration time expired and his case was closed was July 19, 2012.  (Doc. 14, p. 3).

judgment of sentence, for purposes of §2244(d)(1)(A) and his one-year statute of limitations under the AEDPA to file a §2254 habeas petition, Petitioner's conviction became final on January 14, 2011, when the 30-day deadline for seeking review in the PA Supreme Court expired. *See Fletcher v. Lawlor*, 2011 WL 1288689, *2 (E.D. Pa. 2-22-11) adopted by 2011 WL 1288702 (E.D. Pa. 4-5-11)(since Petitioner did not seek review on direct appeal in the PA Supreme Court after the PA Superior Court affirmed his judgment of sentence, for purposes of §2244(d)(1)(A), Petitioner's conviction became final when the 30-day deadline for seeking review in the Pennsylvania Supreme Court expired); *Albritton v. Sauers*, Civil No. 11-869, M.D. Pa. Thus, Petitioner's conviction became final on January 14, 2011, and his AEDPA statute of limitations commenced to run on that day.[4]

On May 26, 2011, Petitioner, *pro se*, filed a Petition under the PA Post Conviction Relief Act ("PCRA"), pursuant to 42 Pa.C.S. §§ 9541, *et seq*., which the York County Court of Common Pleas denied on November 29, 2011, after a hearing. (Doc. 12, pp. 31 & 34). Respondents state in their Motion to Dismiss that since Petitioner's conviction became final on January 14, 2011, "140 days" expired on Petitioner's one-year AEDPA statute of limitations because Petitioner did not have any properly filed state court appeals (either direct or collateral)

---

[4]*See* Doc. 9, p. 2, ¶'s 8-9.

pending from January 14, 2011, until May 26, 2011.[5] *See* 28 U.S.C. §2244(d)(2).[6] As such, Respondents contend that about four (4) months and ten (10) days lapses on Petitioner's one-year AEDPA statute of limitations.

On December 15, 2011, Petitioner filed an appeal from the York County Court's November 29, 2011, decision denying his PCRA Petition to the Superior Court of Pennsylvania. (Doc. 12, p. 34). Thus, an additional fifteen (15) days ran on Petitioner's one-year AEDPA statute of limitations.[7]

On April 13, 2012, the Superior Court of Pennsylvania dismissed Petitioner's appeal of the York County Court's Order denying his PCRA Petition since Petitioner failed to file a brief. (Doc. 12, p. 37).

Petitioner did not file a Petition for Allowance of Appeal from the Order of the Superior Court of Pennsylvania entered on April 13, 2012, with the Supreme Court of Pennsylvania.

Additionally, on February 24, 2012, Petitioner filed a Petition for Writ of Mandamus with the Supreme Court of Pennsylvania and on March 6, 2012, Petitioner filed an Application

---

[5]*See* Doc. 9, p. 2, ¶ 10. We note that Petitioner's York County Court Criminal Docket indicates that his PRCA Petition was actually filed on May 26, 2011. (Doc. 12, p. 31).

[6]Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d).

[7]The correct date of when Petitioner's PCRA Petition was filed with the state court was December 15, 2011, not December 5, 2011, as Respondents state in their Motion. (Doc. 12, p. 34).

to File Original Process.  As stated above, it appears from Petitioner's Exhibits  that Petitioner

requested the Supreme Court of Pennsylvania to order the York County Court to grant his

Motion to Correct and Modify the record with respect to the York County Court's denial of his

PCRA Petition.   (Doc. 1, pp. 39-40 & Doc. 14, p. 3).  On June 13, 2012, the Supreme Court of

Pennsylvania granted Petitioner's  Application to File Original Process and denied Petitioner's

Petition for Writ of Mandamus.  The Supreme Court of Pennsylvania's Docket Sheet also

indicates that on July 19, 2012, Petitioner's reconsideration time expired and his case was

closed.  (Doc. 12, pp. 72-73 and p. 75 & Doc. 14, p. 3).[8]  Petitioner appears to incorrectly

contend that his one-year AEDPA statute of limitations to file his habeas petition commenced to

---

[8]Petitioner's York County Court Criminal Docket also indicates that Petitioner  filed a second PCRA Petition with the trial court on May 29, 2012, and that it was denied on June 4, 2012.  (Doc. 12, p. 38).  Petitioner then filed a third PCRA Petition on May 17, 2013, and the York County Court indicated that it intended to dismiss it. The Commonwealth filed a Motion to Dismiss said Petition as untimely on July 17, 2013. Petitioner then filed an Amended (third) PCRA Petition on August 1, 2013.  (Doc. 12, pp. 38-39).  On August 27, 2013, the York County Court granted the Motion to Dismiss Petitioner's stated PRCA Petition.

Regardless, we note that only properly filed state court appeals toll Petitioner's AEDPA 1-year statute of limitations.  *See* 28 U.S.C. §2244(d)(2).  Petitioner's second and third PCRA Petitions  were not properly filed state court appeals since they were untimely. There is 1-year deadline for filing an application for relief under the Pennsylvania Post Conviction Relief Act (PCRA).  *See* 42 Pa.C.S.  §  9545(b).  "In Pennsylvania, any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final."  *Derk v. PA State Attorney General*, 2010 WL 2925017, *3 (M.D. Pa. 7-20-10).   As stated above, Petitioner's conviction became final on January 14, 2011. Thus, as Respondents point out, Petitioner's deadline to file a PCRA Petition was January 14, 2012.  (Doc. 9, p. 3, n. 3).

run on "June 19, 2012," and that his habeas petition filed on June 17, 2013, was timely.[9]

(Doc. 14, p. 2).

## III. DISCUSSION.

On June 10, 2013, Petitioner filed the instant §2254 habeas petition with this federal

Court. (Doc. 1).[10]   Respondents move to dismiss Petitioner's habeas petition as untimely.

(Doc. 9).   In their Motion to Dismiss Petitioner's habeas petition, Respondents argue that

Petitioner had until November 19, 2012, to timely file his habeas petition in federal court.

Petitioner filed responses to Respondents' Motion to Dismiss.  (Docs. 11, 13 & 14).  Thus, as

required, Petitioner has been given notice of the timeliness issue and he has been afforded an

opportunity to address it.  *See Day v. McDonough*, 547 U.S. 198 (2006)(district courts may

consider, *sua sponte*, the timeliness of a §2254 habeas petition); *Long v. Wilson*, 393 F.3d 390,

403 (3d Cir. 2004)("a federal magistrate judge may raise the AEDPA statute of limitations issue

[*sua sponte*] in a Report and Recommendation.").

Since Petitioner Barnett's habeas petition was filed in June 2013, well after the

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *i.e.* April

24, 1996,  as both parties recognize, the AEDPA is applicable to his case.  *See Werts v. Vaughn*,

---

[9]As stated above, the Supreme Court of Pennsylvania's Docket Sheet indicates that on July 19, 2012, Petitioner's reconsideration time expired and his case was closed regarding Petitioner's Petition for Writ of Mandamus.  In his Doc. 14 filing, Petitioner incorrectly refers to this date as "June 19, 2012." Petitioner then incorrectly states that his one-year AEDPA statute of limitations to file his habeas petition ran from "June 19, 2012," until June 19, 2013, and that his habeas petition filed on June 17, 2013, was timely.  (Doc. 14, p. 2, ¶ 6).

[10]As noted above, we utilize the date Petitioner signed his habeas petition under the prison mailbox rule.

228 F. 3d 178, 195 (3d Cir. 2000); *Truxal v. District Attorney of Westmoreland County*, 2010

WL 411766, *3 (E.D. Pa. 1-28-10).

    *A. Timeliness*

    The AEDPA statutory language governing time limitations for filing a §2254 habeas

petition is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).  *See also  Truxal v. District Attorney of Westmoreland County*, 2010 WL

411766, *4.

    The Court in *Rhodes v. Winstead*, 2010 WL 936763, at *16 (W.D.Pa. 2010), stated:

> Under the AEDPA, an individual incarcerated pursuant to the judgment of a state court desiring habeas corpus relief must generally file an application for writ of habeas corpus within one year of "the date on which the judgement became final by the conclusion of direct review or the expiration of time seeking such review." [Footnote omitted] 28 U.S.C. 2244 (d)(1)(A).

The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief.  The amendments impose a one-year statute of limitations for §2254 habeas petitions.  *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  There are four potential starting points for determining when the statute of limitations begins to run.  The applicable period in the instant matter is the date that Petitioner Barnett's judgment of sentence became final.  *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir.1999); *Derk v. PA State Attorney General*, 2010 WL 2925017, *3("the time for filing a federal habeas petition begins to run when the judgment of sentence becomes final."). Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period.  *Id. See also* 28 U.S.C. § 2244(d)(2).

We concur with Respondents that Petitioner's judgment of sentence became final thirty (30) days after the Pennsylvania Superior Court affirmed Petitioner's conviction on December 15, 2010, *i.e.,* on January 14, 2011.   In *Cotto v. Murray*, 2011 WL 1118724, *1 (W.D. Pa. 3-24-11), the Court found that since its Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court on direct appeal after the Pennsylvania Superior Court denied Petitioner's appeal of his judgment of sentence, Petitioner's judgment of sentence became final on "the date on which the 30-day period to do so expired."  The *Cotto* Court cited to Pa.R.A.P 1113 and to *Swartz v. Meyers*, 204 F. 3d 417, 419 (3d Cir. 2000)("a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review.").  *See also  Fletcher v. Lawlor*, 2011 WL 1288689, *2(since Petitioner did not seek review on direct appeal in the PA Supreme Court after the PA Superior Court affirmed his

judgment of sentence, for purposes of §2244(d)(1)(A), Petitioner's conviction became final when the 30-day deadline for seeking review in the Pennsylvania Supreme Court expired); *Starkey v. Cameron*, 2010 WL 5575288, *2 (E.D. Pa. 12-23-10), adopted by 2011 WL 1583872 (E.D.Pa. 4-25-11)(the judgment of conviction of Petitioner became final when the time for seeking allowance of appeal in the PA Supreme Court expired under Pa.R.A.P. 1113(a)(Petition for Allowance of Appeal must be filed within 30 days).

Thus, as Respondents state, since Petitioner did not seek review on direct appeal in the Pennsylvania Supreme Court after the Pennsylvania Superior Court affirmed his judgment of sentence on December 15, 2010, for purposes of §2244(d)(1)(A), Petitioner's conviction became final on January 14, 2011, when the 30-day deadline for seeking review in the Pennsylvania Supreme Court expired. *See Fletcher v. Lawlor*, 2011 WL 1288689, *2; *Starkey, supra*. Respondents then state in their Motion to Dismiss that since Petitioner's conviction became final on January 14, 2011, "140 days" expired on Petitioner's one-year AEDPA statute of limitations because Petitioner did not have any properly filed state court appeals pending from January 14, 2011, until May 26, 2011. We agree with Respondents that Petitioner did not have any properly filed state court appeals pending from January 14, 2011, until May 26, 2011, and that this time period ran on his one-year statute of limitations, but we find that this time period is 131 days. We find that 17 days ran in January, 28 days ran in February, 31 days ran in March, 30 days ran in April, and 25 days ran in May, until Petitioner filed his first PCRA Petition on May 26, 2011.

Therefore, we find that 131 days ran on Petitioner's AEDPA statute of limitations prior to the time he filed his first PCRA Petition on May 26, 2011. Petitioner had no state court appeal, either direct or collateral, pending during this 131-day period. Thus, Petitioner is not entitled to any tolling of his AEDPA SOL during these 131 days. *See Fletcher v. Lawlor*, 2011 WL 1288689, *2.

On December 15, 2011, Petitioner filed an appeal from the York County Court's November 29, 2011, decision denying his PCRA Petition to the Superior Court of Pennsylvania. (Doc. 12, p. 34). Thus, an additional fifteen (15) days ran on Petitioner's one-year AEDPA statute of limitations. Petitioner's statute of limitations was statutorily tolled on December 15, 2011, when he filed an appeal from the York County Court's decision denying his PCRA Petition to the Superior Court, and it was tolled until his PCRA Petition was dismissed by the Pennsylvania Superior Court on April 13, 2012. *See* 28 U.S.C. § 2244(d)(2).[11] Petitioner's statute of limitations then began to run on April 14, 2012, since he had no other properly filed state court appeals pending at this time or thereafter.

Therefore, we find that 146 days ran on Petitioner's AEDPA statute of limitations prior to the time he filed an appeal from the York County Court's decision denying his PCRA Petition to the Superior Court of Pennsylvania. As indicated above, we find that 146 days expired on Petitioner's one-year AEDPA statute of limitations since we find that it was

---

[11]Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d).

December 15, 2011, and not December 5, 2011, as Respondents state, that Petitioner filed an appeal from the York County Court's decision denying his PCRA Petition to the Superior Court of Pennsylvania. (Doc. 12, p. 34). The York County Court's Docket Sheet in Petitioner's case, accessed at http://ujsportal.pacourts.us., also indicates that it was December 15, 2011, when Petitioner filed an appeal from the York County Court's decision denying his PCRA Petition to the Superior Court of Pennsylvania.

As such, we come to the same number of days as Respondents which we find expired on Petitioner's one-year AEDPA statute of limitations, but our calculations differ.

As mentioned, Petitioner's appeal from the York County Court's decision denying his PCRA Petition was dismissed by the Superior Court on April 13, 2012. Petitioner did not file a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. As such, Petitioner's one-year AEDPA statute of limitations began to run again on April 14, 2012. Thus, we agree with Respondents that Petitioner had 219 days remaining on his one-year AEDPA statute of limitations from April 14, 2012, since 146 days had already expired.

Respondents state that "[a]ccounting for the 146 days that have passed, [Petitioner] had until November 19, 2012, to file a [§2254 habeas petition]." (Doc. 9, p. 3, ¶ 16). Respondents correctly note that Petitioner actually had until November 18, 2012, to file his habeas petition but that this date was a Sunday.

Thus, we find that Petitioner had until November 19, 2012, to timely file his §2254 habeas petition. As such, we find that Petitioner had 219 days (about 7 months and 9 days) remaining on his one-year AEDPA statute of limitations and that these days ran uninterrupted

13

from April 14, 2012, the day after the Superior Court dismissed Petitioner's first (and timely) PRCA Petition, until November 19, 2012, the deadline for filing a habeas petition under the provision of 2244(d)(1)(A).[12]

Therefore, we concur with Respondents that Petitioner's instant habeas petition was not timely filed on June 10, 2013.

---

[12]As noted above, Petitioner filed a second PCRA Petition with the trial court on May 29, 2012, and it was denied on June 4, 2012. (Doc. 12, p. 38). Petitioner then filed a third PCRA Petition on May 17, 2013, and the York County Court indicated that it intended to dismiss it. The Commonwealth filed a Motion to Dismiss said Petition as untimely on July 17, 2013. Petitioner then filed an Amended (third) PCRA Petition on August 1, 2013. (Doc. 12, pp. 38-39). On August 27, 2013, the York County Court granted the Motion to Dismiss Petitioner's Amended (third) PRCA Petition. However, we note that Petitioner's conviction became final on January 14, 2011. Therefore, we agree with Respondents that Petitioner had one year to file a PCRA petition, and, clearly, Petitioner's second and third PCRA petitions were untimely and not properly filed. *See Simmons v. Varand*, 2011 WL 1457139 (M.D.Pa., 2011). In *Simmons*, the Court stated:

> We note that none of Simmons' other post-conviction petitions can be deemed "properly" filed for purposes of tolling the statute of limitations. "Properly filed" petitions for post-conviction relief are ones that are submitted according to the state's procedural requirements, such as rules governing time and place of filing. *See Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir.1998). All of the post-conviction petitions filed by Simmons, with the exception of the first one, were dismissed as untimely or for the lack of jurisdiction. Therefore, none of the later post-conviction petitions can serve to toll the statute of limitations.

*B. Equitable Tolling*

We now discuss whether equitable tolling applies in this case.

In *Starkey*, 2010 WL 5575288, *3, the Court stated:

> The Supreme Court has held that the federal habeas statute of
> limitations is subject to equitable tolling in only extraordinary circumstances.
> *See Holland v. Florida*, --- U.S. ----, ----, 130 S.Ct. 2549, 2562, 177
> L.Ed.2d 130 (2010); *see also Miller*, 145 F.3d at 618. In particular, a
> petitioner " 'is entitled to equitable tolling' only if he shows '(1) that he
> has been pursuing his rights diligently, and (2) that some
> extraordinary circumstance stood in his way' and prevented
> timely filing." *Holland*, 130 S.Ct. at 2562 (citing *Pace v. DiGuglielmo*,
> 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (emphases
> added); *see also Lawrence v. Florida*, 127 S.Ct. 327, 1085 (2007)
> (quoting *Pace*, 125 S.Ct. at 1814) (observing that a litigant seeking
> equitable tolling bears the burden of establishing "that he has been
> pursuing his rights diligently" and that "some extraordinary circumstance
> stood in his way") (emphasis added); *Merritt*, 326 F.3d at 168 (citing *Fahy
> v. Horn*, 240 F.3d 239, 244 (3d Cir.), *cert. denied*, 534 U.S. 944, 122
> S.Ct. The law is clear that courts must be sparing in their use of equitable
> tolling." *See Jones*, 195 F.3d at 159 (quoting *Seitzinger v. Reading Hosp.
> & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir.1999)) (emphasis added).

Petitioner does not give any reasons for the over seven (7) month delay from April
14, 2012, the day after the Superior Court of Pennsylvania dismissed his appeal of the denial
of his PCRA Petition to November 18, 2012, the deadline for Petitioner to have timely filed his
habeas petition. Petitioner had no properly filed state court appeal with respect to his York
County Court judgement of sentence pending during this time. As noted above, we do not find
that Petitioner's second PCRA Petition was properly filed since it was not timely under the
Pennsylvania Rules, and we do not find that Petitioner's second PCRA petition tolled his AEDPA
statute of limitations. Also, Petitioner inexplicably waited almost 7 months to file his habeas

petition on June 10, 2013, from his November 18, 2012 deadline to have timely filed his habeas petition. This inordinate delay, coupled with the 146 days which had already ran between the time Petitioner's judgment of sentence became final and the time he filed his first PCRA Petition, as discussed, undisputedly rendered Petitioner's habeas petition filing beyond the one-year statute of limitations. We agree entirely with Respondents that Petitioner knew of his instant habeas claims when he filed his PCRA Petition. (Doc. 12, p. 9). In short, Petitioner has failed to show that he exercised reasonable diligence during the over seven (7) month period from April 14, 2012, the day after the Superior Court of Pennsylvania dismissed his appeal of the denial of his PCRA Petition to November 18, 2012, the deadline for Petitioner to have timely filed his habeas petition. *See Alicia v. Karestes*, 389 Fed. Appx. 118, 122 (3d Cir. 2010)("The obligation to act diligently pertains to both the federal habeas claim and the period in which the Petitioner exhausts state court remedies, and the court may consider the time of filing the habeas petition as a factor in determining reasonable diligence.")(citation omitted)(Non-Precedential); *Morris v. Mazurkiewcz*, 2011 WL 2708498, *3 (E.D. Pa. 6-8-11) adopted by 2011 WL 2709181 (E.D. Pa. 7-11-11).

Petitioner claims in his present habeas filings that the transcript from his hearing in the York County Court with respect to his first PCRA Petition contained errors and omissions. Petitioner states that he was not afforded the opportunity to correct the errors and omissions by the York County Court. The record shows that after the York County Court denied Petitioner's first PCRA Petition on November 29, 2011, Petitioner filed an appeal to the Superior Court on

December 15, 2011.  On February 8, 2012, Petitioner then filed a motion for correction or modification of the record with the Superior Court.  On March 9, 2012, the Superior Court denied Petitioner's motion for correction or modification of the record "without prejudice to [Petitioner's] right to file a motion for such relief in the trial court and without prejudice to the trial court's authority to decide any such motion."  (Doc. 12, pp. 65-66).   On April 13, 2012, the Superior Court dismissed Petitioner's appeal of the York County Court's order denying his first PCRA Petition.  (Doc. 12, p. 69).

As stated above, on  February 24, 2012, Petitioner also filed a Petition for Writ of Mandamus with the State Supreme Court while his appeal of the denial of his PCRA Petition and his motion for correction or modification of the record were still pending with the Superior Court.  (Doc. 12, p. 72-73).   Petitioner 's Petition for Writ of Mandamus  was attached to his habeas petition as an Exhibit.  (Doc. 1, pp. 39-40).   In his Petition for Writ of Mandamus, Petitioner requested the PA Supreme Court to order the York Court of Common Pleas to grant his Motion to Correct and Modify the record with respect to the hearing held by the trial court on his first PCRA Petition.   On June 13, 2012, the Supreme Court denied Petitioner's Petition for Writ of Mandamus.

Thus, as Respondents point out, Petitioner clearly knew of his claim that his state court transcript and record were inaccurate and contained errors and omissions on February 8, 2012, at the latest, and Petitioner still had plenty of time to timely file his habeas petition by November 18, 2012, after the Supreme Court denied his Petition for Writ of Mandamus on

June 13, 2012.  Also, as Respondents state, Petitioner knew as of March 9, 2012, that he could

have filed a motion for correction of the record with the trial court and nonetheless, Petitioner

did not file anything with the trial court until he filed another PCRA Petition on May 17, 2013.

(Doc. 12, pp. 38 & 66).   Petitioner then filed an Amended (third) PCRA Petition on August 1,

2013.  (Doc. 12, pp. 38-39).  On August 27, 2013, the York County Court granted the Motion

to Dismiss Petitioner's Amended (third) PRCA Petition.

Thus, we do not find that Petitioner has met his burden for equitable tolling by

establishing that "he has been pursuing his rights diligently" and that "some extraordinary

circumstance stood in his way."

In *Pabon v. Mahanoy*, 2011 WL 2685586, *12, (3d Cri. 7-12-11), the Third Circuit

Court stated:

> In determining whether equitable tolling should be granted, we address
> two questions: (1) whether the petitioner faced extraordinary circumstances
> that stood in the way of timely filing; and (2) whether he or she
> exercised reasonable diligence. *Pace v. DiGuglielmo,* 544 U.S. 408, 418,
> 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Merritt v. Blaine,* 326
> F.3d 157, 168 (3d Cir.2003) (same). In *Holland v. Florida* the Supreme
> Court confirmed that equitable tolling may be applied to AEDPA's
> statutory limitations period. —— U.S. ——, ——, 130 S.Ct. 2549, 2560,
> 177 L.Ed.2d 130 (2010)FN20
>
> There are no bright lines in determining whether equitable tolling is
> warranted in a given case. Rather, the particular circumstances of
> each petitioner must be taken into account. *Id.* at 2563. As *Holland* explains,
> while prior decisions provide guidance, rigid reliance on precedent
> should be avoided. *Id.*  In each case, there is a need for  "flexibility,"
> "avoiding 'mechanical rules,' " and "awareness ...
> that specific circumstances, often hard to predict in advance, could
> warrant  special treatment in an appropriate case." *Id.* (internal citation

omitted). FN21

> In sum, equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair." *Miller v. N.J. State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998); *see also LaCava v. Kyler,* 398 F.3d 271, 275 (3d Cir.2005). However, courts need to be "sparing in their use of" the doctrine. *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

(Footnotes omitted).

In *Pabon*, the Court found that the "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." *Id.* at *13. The *Pabon* Court noted that "the relevant inquiry is not whether the circumstances alleged to be extraordinary is unique to the Petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Id*. Based on *Pabon*, we agree with Respondents and find that Petitioner Barnett has not shown extraordinary circumstances which trigger equitable tolling, and we do not find that Petitioner exercised reasonable diligence in pursuing his claims. As Respondents point out, even though Petitioner is now claiming that the state court record contained "multiple errors" and that the trial transcript was inaccurate, Petitioner had ample opportunity to pursue his claims in the state courts. (Doc. 10, pp. 9-10). Respondents correctly state that on March 9, 2012, the Superior Court denied Petitioner 's February 8, 2012 motion for correction of modification of the record. (Doc. 12, p. 37). Petitioner 's appeal of the York County Court's denial of his first PCRA Petition was then dismissed by the Superior Court on April 13, 2012. Petitioner then had until November 19, 2012, to timely file his habeas petition. We simply find

that Petitioner has failed to show how any extraordinary circumstances during this time prevented him from timely filing his habeas petition and that he exercised reasonable diligence in waiting to bring his habeas claims until June 10, 2013.

The Court in *Pabon v. Mahanoy*, 2011 WL 2685586, *12, also stated:

> Even if a petitioner has faced extraordinary circumstances, he must also "exercise[ ] reasonable diligence in ... bringing [the] claims." *Miller,* 145 F.3d at 618–619 (internal quotation marks omitted). The Supreme Court addressed reasonable diligence in *Holland,* explaining that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' ... not 'maximum feasible diligence.' " 130 S.Ct. at 2565 (internal citations omitted). Our Court has established a similar standard. "Due diligence does not require 'the maximum feasible diligence;' " "it does require reasonable diligence in the circumstances." *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir.2004) (internal citations omitted); *see also LaCava,* 398 F.3d at 277.

Therefore, we agree with Respondents and find that Petitioner Barnett has not demonstrated extraordinary circumstances in this case and he has not established reasonable diligence in pursuing his claims.

We will recommend that the Court grant Respondents' Motion to Dismiss Petitioner Barnett's habeas petition as untimely.

## IV.      RECOMMENDATION.

Based on the above, it is respectfully recommended that the Court grant Respondents' Motion to Dismiss (**Doc. 9**) Petitioner's habeas petition (**Doc. 1**) as untimely.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 19, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOMO BARNETT, | : | CIVIL ACTION NO. **1:CV-13-1617** |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| LAUREL HARRY, *et al.*, | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 19, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.


                                          **s/ Thomas M. Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: November 19, 2013**